**Affirmed and Memorandum Opinion filed February 5, 2015.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-14-00230-CV

---

### NANNETTE DULCIE, Appellant

### V.

### GUARDIAN TRANSFER STORAGE CO., INC., Appellee

---

**On Appeal from the County Civil Court at Law No. 1
Harris County, Texas
Trial Court Cause No. 1039132**

---

## MEMORANDUM OPINION

This is a further appeal from the judgment denying most of the relief requested in a small-claims suit. Because the appellant has identified no reversible error, we affirm.

The record shows that appellant Nannette Dulcie was evicted from her apartment, and pursuant to a writ of possession, certain of her personal property was stored at the warehouse of appellee Guardian Transfer Storage Co., Inc.

Dulcie was unable to pay the moving and storage fees, and her property was sold at a public auction. She then sued Guardian in a justice court for money damages or the return of her property. The justice court rendered a take-nothing judgment, and Dulcie filed an appeal in the County Civil Court at Law No. 1. At the nonjury trial de novo, Dulcie testified that after she was evicted, some of her personal property was stored at Guardian's warehouse. She admitted she was notified that her property would be sold at a public auction if she did not pay Guardian $1,360. She further testified that she did not pay Guardian, and that her property was sold. The trial court rendered judgment denying Dulcie all relief except to order that if a certain key remained in Guardian's possession, then Guardian must return it to Dulcie.[1] Dulcie now appeals that judgment.

We determined that Dulcie failed to substantially comply with Texas Rule of Appellate Procedure 38.1 and ordered her to file an amended brief providing clear and concise argument for each contention made, with appropriate citations to the record and to authority. *See* TEX. R. APP. P. 38.1(i). In her amended brief, she presents two issues for review.

Her first issue is stated as follows: "Writ of Possession does not involve appeal process. The property only decides at their discretion if writ is filed or not." We are unable to determine the alleged error that is the subject of this complaint, and in any event, this issue still is not supported by citation to authorities or to the record. It therefore is waived. *See id*.[2]

In her second issue, Dulcie states that section 24.0062 of the Texas Property

---

[1] The record does not show why this key was treated differently from Dulcie's other property, but this part of the judgment is not challenged on appeal.

[2] Although Dulcie asserted in her statement of the case that "warehouse lien[s] are unconstitutional," she failed to preserve this complaint in the trial court or to brief the issue on appeal. It accordingly is waived. *See* TEX. R. APP. P. 33.1(a)(1), 38.1(i).

Code "does not stop the property or warehouseman from taking all of your possessions and selling them." It is true that the statute provides that if an evicted tenant's personal property is removed from the tenant's premises and stored in a qualified public warehouse, then "the warehouseman has a lien on the property to the extent of any reasonable storage and moving charges incurred by the warehouseman." TEX. PROP. CODE ANN. § 24.0062(a) (West 2014). But the statute also provides a number of ways for the tenant to redeem the property, and if the tenant does not do so within thirty days, then the warehouseman "may sell *all* the property to satisfy reasonable moving and storage charges." *Id.* § 24.0062(b)(5) (emphasis added). Although it appears to be Dulcie's position that the law does not permit family heirlooms or items of sentimental value to be removed from an evicted tenant's premises or sold pursuant to a warehouseman's lien, the statute contains no such exceptions.

In sum, Dulcie has not identified any basis on which to conclude that the trial court erred in rendering judgment denying her claim for money damages or for the return of property that admittedly was sold to satisfy Guardian's lien. We accordingly overrule this issue, and affirm the trial court's judgment.


/s/     Tracy Christopher
        Justice


Panel consists of Justices Christopher, Donovan, and Wise.

3